UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICHOLAS W. RANDAZZO | CIVIL ACTION |
| VERSUS | NO. 15-4943 |
| WILBER J. BABIN | SECTION "N" (4) |

## ORDER & REASONS

Presently before the Court is Defendant Wilber J. Babin's ("Babin") "Motion to Dismiss or Alternatively, Motion for Summary Judgment" (Rec. Doc. 5). Now, having reviewed the parties' submissions, the applicable law, and the record, the Court rules as stated herein.

Babin argues that the present the lawsuit, filed by Plaintiff Nicholas W. Randazzo ("Randazzo"), is barred by the doctrine of *res judicata* due to proceedings before the United States Bankruptcy Court for the Eastern District of Louisiana, in the related case of *In re Nicholas W. Randazzo*, No. 13-13313. "The doctrine of *res judicata* contemplates, at a minimum, that courts not be required to adjudicate, nor defendants to address, successive actions arising out of the same transaction, asserting breach of the same duty." *Nilsen v. City of Moss Point*, 701 F.2d 556, 563 (5th Cir. 1983) (en banc). Whether an action is precluded by *res judicata* is determined in this Circuit by the application of the following four part test: (1) the parties in a later action must be identical to, or in privity with, the parties in a prior action; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior judgment was final on the merits; and (4) the same claim or cause of action must be involved in both cases. *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir.2010). Babin's brief does not apply the elements of this test. While the Court

is convinced that the first three elements are satisfied,[1] the fourth element presents questions that beg for further consideration.[2]

Babin has not explained how the present claim and the bankruptcy proceedings involve the same claim or cause of action. After its own application of the transactional test, found in Section 24 of the Restatement (Second) of Judgments and adopted by the Fifth Circuit, *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 870-71 (5th Cir. 1984), the Court has significant concerns as to whether they do. Randazzo's present claim is based on allegedly unethical conduct of Babin, as Trustee. It is not evident to the Court that the present claim and the order of the Bankruptcy Court, authorizing the sale of 1415 Whitney Avenue and 1408 Romain Street, share a common nucleus of operative fact, such that the present claim is precluded as part of the same transaction. The Court finds this to be particularly true with regard to the sale of 28 Smithway Drive, discussion of which is omitted from Babins' brief.

Ultimately, the Court does not see the present claim as one that can be easily cabined as a challenge to the finality or integrity of a *transfer of title* pursuant to a final bankruptcy sale, *see Rivet v. Regions Bank of La., F.S.B.*, 108 F.3d 576, 589 (5th Cir. 1997), *rev'd*, 522 U.S. 470 (1998), and it is also not convinced that this claim is one that was brought, or should have been brought, in those

---

[1] The parties in this case are both parties in the bankruptcy proceedings, which are before a court of competent jurisdiction. Furthermore, the order asserted here as carrying preclusive effect is the Bankruptcy Court's order authorizing the Property to be sold at auction. It is settled that "[a]n order issued by the bankruptcy court authorizing the sale of part of the bankrupt estate is a final judgment even though the order neither closes the bankruptcy case nor disposes of any claim." *Hendrick v. Avent*, 891 F.2d 583, 586 (5th Cir. 1990).

[2] Babin also neglects to address the sale of 28 Smithway Drive, located in Gretna, Lousiana, which Randazzo's "bad faith" claim relies upon in part.

proceedings. Furthermore, even if the Court were so convinced, the claim would persist as Babin has not addressed all of the transactions that are cited as examples involving Babin's misconduct. For these reasons, upon the showing made, **IT IS ORDERED** that the Motion is **DENIED**.

New Orleans, Louisiana, this 11th day of April, 2016.

                                                                  _____
                                                          **KURT D. ENGELHARDT**
                                                          **United States District Judge**