UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICHOLAS W. RANDAZZO | CIVIL ACTION |
| VERSUS | NO. 15-4943 |
| WILBUR J. BABIN | SECTION "N" (4) |

## ORDER AND REASONS

Before the Court is a motion to dismiss (Rec. Doc. 11) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, filed by the defendant, Wilber J. Babin, Jr., who appears in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of Nicholas W. Randazzo. Proceeding *pro se*, the plaintiff, Nicholas W. Randazzo, opposes the motion (Rec. Doc. 21). The defendant has filed a reply (Rec. Doc. 24). Now, having considered the submissions of the parties and the applicable law, the Court **GRANTS** the Motion for the reasons stated herein.

### I.     BACKGROUND

On December 3, 2013, the plaintiff, Nicholas W. Randazzo ("Plaintiff"), filed a voluntary petition for bankruptcy under Chapter 7 in the United States Bankruptcy Court for the Eastern District of Louisiana (docket No. 13-13313). Wilber J. Babin, Jr. ("Babin") serves as Trustee of the bankruptcy estate. The bankruptcy proceedings have since given rise to the present action, in which Plaintiff brings a single bad faith claim against Babin, in his capacity as Trustee, for actions related to the administration of assets in the bankruptcy estate.

At the heart of the Complaint, titled "Petition for Damages against the Trustee and for a Preliminary Injunction to Stop the Auction of the 1415 Whitney Avenue and 1408 Romain Street

Properties,"[1] are three immovable properties located in Gretna, Louisiana: 1415 Whitney Avenue, 1408 Romain Street, and 28 Smithway Drive. Though Plaintiff makes a litany of allegations, they can be sorted into the following general categories: (1) allegations that Babin caused the 1415 Whitney Avenue and 1408 Romain Street properties to be improperly included in the bankruptcy estate; (2) allegations that Babin acted unethically in the manner in which said properties were set for auction; and (3) allegations that Babin conspired with counsel for Plaintiff's former spouse to drive down the price of 28 Smithway Drive, which she then purchased from the bankruptcy estate. Relying on the *Barton* doctrine, Babin now moves for dismissal of the action based on Plaintiff's failure to obtain leave from the Bankruptcy Court before pursuing claims against him, as Trustee, in a different forum.

## II.    LAW AND ANALYSIS

In *Barton v. Barbour*, the Supreme Court of the United States held that "before suit is brought against a [court-appointed] receiver leave of the court by which he was appointed must be obtained." 104 U.S. 126, 127 (1881). While the *Barton* case involved a receiver in state court, the United States Court of Appeals for the Fifth Circuit has extended this principle, now known as the *Barton* doctrine, to lawsuits against bankruptcy trustees for acts committed in their official capacities. *See Villegas v. Schmidt*, 788 F.3d 156, 158 (5th Cir. 2015). The doctrine serves multiple purposes, including: preserving the limited assets of the bankruptcy estate; protecting the trustee, who is an officer of the court that appoints him, in the performance of official duties; and enabling bankruptcy courts to maintain control over the administration of estates. *See McDaniel v. Blust*, 668 F.3d 153, 157 (4th Cir. 2012); *In re Lowenbraun*, 453 F.3d 314, 321 (6th Cir. 2006); 9 Am.

---

[1] The Court denied the request for a preliminary injunction, without prejudice to Plaintiff's right to seek similar relief in the bankruptcy court proceedings. (*See* Rec. Doc. 3).

Jur. 2d, Bankruptcy § 539 (2016). When required by the *Barton* doctrine, failure to obtain leave from the court hosting the bankruptcy deprives the non-appointing court of subject matter jurisdiction that it might otherwise have. *See, e.g, Equip. Leasing, L.L.C. v. Three Deuces, Inc.*, 2011 WL 6141443, at *3 (E.D. La. Dec. 9, 2011).

While the Fifth Circuit has recognized the viability of the *Barton* doctrine and its application to bankruptcy trustees, *see Villegas*, 788 F.3d at 158 (discussed *supra*), it has not, to this Court's knowledge, elaborated on the scope of the doctrine. However, other Courts of Appeal, including the Fourth Circuit, have. *See McDaniel*, 668 F.3d at 157. "To determine whether a complained-of act falls under the *Barton* doctrine, courts consider the nature of the function the trustee . . . was performing during the commission of the actions for which liability is sought." *Id.* at 157. For example, a plaintiff must obtain leave from the bankruptcy forum before suing a trustee for acts done "within the context of [his] role of recovering assets for the estate." *Id.* (quoting *Heavrin v. Schilling (In re Triple S Rests., Inc.)*, 519 F.3d 575, 578 (6th Cir. 2008). Similar to recovery of assets, the liquidation of property in the bankruptcy estate is a basic function of the trustee in a chapter 7 case. *See* 11 U.S.C. §704(a)(1).

Here, the Complaint expressly states that Babin is being sued in his capacity as Trustee of the bankruptcy estate. (Rec. Doc. 1 at p. 1) Further, while Plaintiff argues that he "does not challenge or question Trustee's authority, responsibility, or duties" (Rec. Doc. 21 at p. 1), Babin's alleged mishandling of the liquidation process forms the very core of the bad faith claim at issue. As a result, the Court finds the lawsuit to constitute an action against a bankruptcy trustee for acts committed in his official capacity. Therefore, the *Barton* doctrine requires that Plaintiff obtain leave from the United States Bankruptcy Court for the Eastern District of Louisiana before

prosecuting the claim. Plaintiff's failure to do so demands dismissal of the case for want of subject matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED** and that the Complaint is **DISMISSED WITHOUT PREJUDICE**. This ruling considered, the Court declines to address grounds for dismissal presented under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

New Orleans, Louisiana, this 18th day of August 2016.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**